IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE v. MACK SAMUEL STOKES

**Direct Appeal from the Criminal Court for Giles County**
**No. 7951    Jim T. Hamilton, Judge**

---

**No. M1999-02252-CCA-R3-CD - Decided June 9, 2000**

---

The defendant, Mack Samuel Stokes, was convicted by a Giles County jury of theft of property over $500 and possession of a motor vehicle without a vehicle identification number. He received concurrent sentences of two years and thirty days, respectively. In this direct appeal, the defendant makes the following allegations: (1) the evidence was insufficient to sustain his convictions; and (2) the trial court erred by sustaining the District Attorney's objection to defense counsel's closing argument and by admonishing defense counsel in the presence of the jury. Upon a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**.

RILEY, J. delivered the opinion of the court, in which WADE, P.J. and OGLE, J. joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Mack Samuel Stokes.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Richard H. Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The victim was the owner of an orange 1976 Triumph Spitfire convertible. He made a deal with the owner of Cars Plus to place the car on the used car lot at a price of $900. On July 17, 1996, the victim noticed the car was not on the lot. When he inquired as to whether the car had been sold, the lot manager realized the car had been stolen and informed local authorities. A dispatcher notified officers to be on the lookout for the stolen vehicle.

Giles County Sheriff's Deputy Sands observed a white Triumph Spitfire without a license plate and attempted to stop the vehicle by activating her blue lights. The vehicle did not immediately stop. It turned onto another road, and finally stopped in a pasture. The defendant was a passenger

in the car, and his brother was the driver.  When asked why the vehicle did not have a license tag, the defendant responded, "we just bought the car."  He then produced a piece of notebook paper he purported to be a handwritten bill of sale.   The alleged bill of sale was undated  and referred to a 1974 MG.  Sands testified the handwriting was the same for the buyer and seller.  In addition Sands testified that the VIN plate had been removed from the vehicle; the steering column was loose; wires were pulled out; and the automobile appeared to have been recently painted.  She noted the original color of dark orange was visible.  The car was subsequently identified by the owner as the stolen 1976 Triumph Spitfire.

The defendant and his brother were arrested and transported to the local jail.  Defendant was *Mirandized*, and he gave the following statement:

> I think that on Monday, me and my brother was at a salvage yard in Salem, Alabama, when I seen a little foreign white car... I started talking to this Mexican or Hispanic guy who was driving the car.  He said that he wanted to sell the car for about $500, and I talked him down to $250 cash.  So I paid him cash for the car, and he pulled out the bill of sale.  My brother, Jason, watched me fill out the bill of sale and David Johnston signed it.  After I bought the car, I drove it to my house and started working on it...

The defendant's brother also gave a statement with conflicting details about the purchase of the vehicle and testified at trial. Defendant did not testify at trial.

A Giles County jury found defendant guilty of theft over $500 and possession of a motor vehicle without a vehicle identification number (VIN).  In this appeal as of right, defendant makes the following allegations:  (1) the evidence was insufficient to support his convictions; and (2) the trial court erred by sustaining the state's objection during defendant's closing argument and by admonishing trial counsel in the presence of the jury.  These allegations are without merit.

## ANALYSIS

### A.  Sufficiency of the Evidence

Defendant contends the evidence was insufficient to prove guilt beyond a reasonable doubt.  In Tennessee, great weight is given to the result reached by the jury in a criminal trial.  A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state.  State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom.  *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal.  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  The appellant has the burden of overcoming this presumption of guilt.  *Id.*

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial

evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

In the instant case, the State presented proof that on July 17, 1996, an orange Triumph Spitfire convertible was discovered stolen from Cars Plus in Lawrence County. Law enforcement officers were advised of the theft. In Giles County, approximately thirty minutes later, Deputy Sands observed a white Triumph Spitfire convertible without registration in the possession of the defendant and his brother. The defendant produced a "piece of paper," which he purported to be a bill of sale, and asserted ownership of the vehicle. However, the "bill of sale" was for a 1974 MG, not a 1976 Triumph Spitfire. It was also obvious to Deputy Sands that the vehicle had recently been painted white, and the original color was deep orange. Furthermore, wires had been cut; the car could no longer be started with a key; the VIN had been removed; and the owner of the stolen vehicle subsequently identified the "white" Triumph as the car which was taken from the lot.

Upon their arrest, the defendant and his brother provided conflicting statements as to their acquisition of the vehicle. Furthermore, the defendant's brother's trial testimony conflicted with his earlier statement to police.

When a defendant has possession of recently stolen goods and cannot provide an adequate explanation as to how he obtained the goods, an inference can be made by the jury that the defendant unlawfully acquired the property. Bush v. State, 541 S.W.2d 391, 394 (Tenn. 1976). This was a classic jury question. In light of the evidence presented by the state, we conclude a rational juror could find beyond a reasonable doubt that the defendant knowingly exercised control over the stolen vehicle over $500 in value and knowingly possessed it without a vehicle identification number. This issue is without merit.

### B. Closing Arguments

Defendant argues the trial court improperly sustained the State's objection to his statement during closing argument that it was "possible" somebody else could have stolen the car. He further claims the trial court erred by admonishing counsel that he knew not to get into that "possible stuff." Defense counsel asserts the trial court's comments in the presence of the jury were prejudicial.

Defense counsel's statement was proper in its context and did not impermissibly mislead the jury as to reasonable doubt. Nevertheless, we find any error committed by the trial court in sustaining the objection was harmless. In addition, we do not find the trial court unduly admonished counsel, nor do we find the defendant was prejudiced by the court's comments. The court merely stated that counsel was aware of the definition of reasonable doubt and instructed him to contain his arguments to said definition. This issue is without merit.

## CONCLUSION

The evidence was sufficient to support the defendant's convictions. While we find defense counsel's closing argument was proper, we hold that the trial court's error in sustaining the state's objection was harmless. Furthermore, we find the defendant was not prejudiced by the trial court's remarks. Thus, the judgment of the trial court is AFFIRMED.